### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES TERRANOVA, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 21-4982** |
| | : | |
| **ST. JOHN PROPERTIES INC.** | : | |

### MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                    **FEBRUARY  8, 2022**

Plaintiffs brought this negligence action, claiming the husband-plaintiff suffered serious injuries when he tripped and fell in the parking lot at one of Defendant's properties in Belcamp, Harford County, Maryland. The Complaint alleges that Plaintiffs are residents of Reading, Pennsylvania and that Defendant is a Maryland corporation with its principal business in Baltimore, Maryland. According to the Complaint, Defendant regularly does business in the Commonwealth of Pennsylvania. Presently before the Court is the Defendant's motion to transfer this action to the United States District Court for the District of Maryland based on the convenience of parties and witnesses. Plaintiffs have not responded to the motion within the applicable time limits. Because the Court finds that venue is improper in this District, the Court will, in the interest of justice, transfer the action to the United States District Court for the District of Maryland. 28 U.S.C. 1406(a).

If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The movant bears the burden of showing that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

The question of whether venue is proper is "generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* at 56.

Section 1391(b) provides that a civil action may be brought in the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the first category, this action could only have been brought in the District of Maryland. Under the second category, "a substantial part of the events or omissions giving rise to the claim occurred", as well as "a substantial part of property that is the subject of the accident is situated", in the District of Maryland. 28 U.S.C. § 1391(b)(2). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). "The test ... is not the defendant's 'contacts'

with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Id.* at 294. "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Here, the alleged trip and fall clearly occurred on property belonging to Defendant that is situated in Maryland. While the Court assumes husband-plaintiff may have undergone medical treatment in this District, "[c]ases in this and other jurisdictions have held that where tortious conduct occurs in one jurisdiction, a mere effect of that conduct being felt in a second is not enough to support venue in that second jurisdiction." *Herbert v. Christiana Care Corp.*, No.04-1984, 2004 WL 2554562, at *2 (E.D. Pa. Nov. 8, 2004). Specifically, courts have held that venue is improper under § 1391(b)(2) when a plaintiff sues a defendant for negligently causing an accident and elects to sue in the district where medical treatment occurred rather than in the district where the accident occurred. *See Yearwood v. Turner Const. Co.*, No. 09-5945, 2011 WL 570003, at *6 (E.D. Pa. Feb. 15, 2011) (holding venue improper in Pennsylvania where plaintiff received medical treatment when plaintiff brought tort suit against defendant for an accident that occurred in New York); *Acey v. Schmidt*, No. 06-77, 2006 WL 1670211, at *4 (W.D. Pa. June 15, 2006) (holding venue improper in Pennsylvania where plaintiff received medical treatment when plaintiff brought tort suit against defendant for an accident that occurred in Maryland, regardless of the fact that liability was not in dispute). In this circumstance, courts have expressly rejected the contention

that "a substantial part of the events or omissions giving rise to the claim occurred" in the district where the plaintiff sought medical treatment. 28 U.S.C. § 1391(b)(2).

Finally, the third category of § 1391(b) is not applicable as this action could clearly have been brought in the District of Maryland.

In sum, Defendant does not reside in this District, Harford County, Maryland is the only place where a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred and where a substantial part of the property that is the subject of this action is situated, and this matter could have been brought in the District of Maryland.

Because venue is improper in this District, the Court will, in the interest of justice, transfer this case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a).